UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS RICHEY,

        Plaintiff,

v.

JOHN ALDANA *et al*.,

        Defendants.

Case No.  C05-5513FDB

ORDER DIRECTING PLAINTIFF
TO SERVE THE COMPLAINT

      This civil rights matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure.  This action was commenced when plaintiff paid the filing fee and filed a civil rights complaint in July of 2005.  (Dkt. # 1).  As plaintiff paid a filing fee and is not proceeding *in forma pauperis* the court is not responsible for serving the defendants in this action.

      In October of plaintiff sent a letter to the court asking about the status of his case.  (Dkt. # 3). Specifically plaintiff asks why the court has not served the complaint.  Because there was no motion attached to this letter, nothing was docketed for the courts consideration and the letter was filed without court action.  Review of the file shows that it has been more than 120 days since the action was filed and no defendant has been served.

      Normally a person has 120 days to serve the defendants.  Federal Rule of Civil Procedure 4 (m)

ORDER
Page - 1

indicates that if service of a <u>summons and complaint</u> is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good cause. <u>Townsel v. County of Contra Costa</u>, 820 F.2d 319, 320 (9th Cir.1987). This case was commenced July 26th, 2005. It has been more then120 days.

The above analysis and a plain reading of the rule would appear to indicate that dismissal without prejudice is in order, but the standard of review is abuse of discretion which indicates the court has discretion in deciding if dismissal is proper. <u>Wei v. State of Hawaii</u>, 763 F.2d 370, 371 (9th Cir. 1985).

The 9th Circuit has indicated that failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint. <u>United Food & Commercial Workers Union v. Alpha Beta Co.</u>, 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." <u>Borzeka v. Heckler</u>, 739 F.2d 444, 447 (9th Cir. 1984).

Here, the plaintiff is not proceeding IFP, he is responsible for service but apparently did not know service was his responsibility.

Therefore, the court ORDERS:

1. Plaintiff shall have 60 days to properly serve the named defendants as allowed by the Federal Rules of Civil Procedure.
2. If the complaint is not served by **February 10th, 2006**, the court will recommend dismissal of this action without prejudice.
3. The clerk is directed to send plaintiff a copy of this order and note the **February 10th, 2006** due date.

DATED this 9th day of December, 2005.

      */S/ J. Kelley Arnold*
      J. Kelley Arnold
      United States Magistrate Judge