UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS WS RICHEY,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN ALDANA, *et al*.,<br><br>        Defendants. | Case No.  C05-5513FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**<br>**February 17th, 2006** |

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is plaintiff's motion for a temporary restraining order or preliminary injunction. (Dkt. # 5).  Defendants have responded.  (Dkt. # 7).  The time for filing a reply has past and this matter is now ripe for review.

FACTS

      Plaintiff is an inmate currently housed at the Clallam Bay Correction Center.  (Dkt. # 7).  From June 10th, 2005 until July 1st, 2005 plaintiff was housed in the Intensive Manage Unit, IMU, of the prison.  Plaintiff was placed in the IMU on administrative segregation status while he was under investigation for allegedly possessing contraband.  (Dkt. # 5, page 2).  During this 21 day period, the mail room at the prison received a copy of a magazine plaintiff subscribed to.  The magazine was held by prison officials and not delivered to

plaintiff pursuant to policy because plaintiff was on level 2 segregation. Level 1 and 2 segregated inmates are not allowed publications. (Dkt. # 7). The prison has a policy that allows for magazines and other publications when an inmate reaches level 3 or 4 segregation. The advancement to a higher level is based on time in segregation and behavior. (Dkt. # 7).

Plaintiff admits that when he was released from IMU his magazine was given to him. (Dkt. # 5). Plaintiff seeks a temporary restraining order or preliminary injunction to prevent prison officials from withholding publications as a behavior management tool. (Dkt. # 5). Plaintiff is no longer on level 1 or 2 segregation status. Defendants argue plaintiff lacks standing to seek injunctive relief as he is no longer segregated. (Dkt. # 7). Defendants also argue the policy of withholding publications sent to segregated inmates is constitutional. (Dkt. # 7).

## DISCUSSION

The basic function of injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

Plaintiff fulfills neither test. Plaintiff's release from segregation deprives him of standing to seek injunctive relief. The concept of standing has been carefully analyzed in the Ninth Circuit. To have standing plaintiff's threat of irreparable injury must be real and immediate, not conjectural or speculative. Nelsen v. King County, 895 F.2d 1248 (9th Cir. 1990). As plaintiff has been released from a level of segregation where he is denied publications he no longer has standing to seek relief.

The court should not reach the issue of the constitutionality of the policy given plaintiff's lack of standing. The motion for injunctive relief should be **DENIED.**

## CONCLUSION

Plaintiff's motion for injunctive relief should be **DENIED** as plaintiff lacks standing to seek such

REPORT AND RECOMMENDATION
Page - 2

relief.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 17th, 2006**, as noted in the caption.

DATED this 30th day of January, 2006.

<u>/S/ *J. Kelley Arnold*</u>
J. Kelley Arnold
United States Magistrate Judge