UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS RICHEY,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN ALDANA, *et al.*,<br><br>    Defendants. | Case No. C05-5513FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**<br>**June 2nd, 2006** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Plaintiff is not proceeding *in forma pauperis.* Before the court are plaintiff's motion for summary judgement and defendant's motion to dismiss. (Dkt. # 10 and 11). Plaintiff maintains the state has no valid reason for failing to deliver a copy of a magazine to him for 21 days while he was housed in the Intensive Management Unit, IMU. (Dkt. # 10). Defendants move to dismiss for failure to properly serve the complaint but have also responded to plaintiff's motion. (Dkt. # 11 and 12).

## FACTS

Plaintiff is an inmate currently housed at the Clallam Bay Correction Center. (Dkt. # 7). From June 10th, 2005 until July 1st, 2005 plaintiff was housed in the Intensive Management Unit, (IMU). Plaintiff was placed in the IMU on administrative segregation status while he was under investigation for allegedly

1  possessing contraband. (Dkt. # 5, page 2). During this 21 day period, the mail room at the prison received a
2  copy of a magazine plaintiff subscribed to. The magazine was held by prison officials and not delivered to
3  plaintiff pursuant to policy because plaintiff was on level 2 segregation. Level 1 and 2 segregated inmates are
4  not allowed publications. (Dkt. # 7). The prison has a policy that allows for magazines and other publications
5  to be delivered to an inmate housed in the IMU when an inmate reaches level 3 or 4. The advancement to a
6  higher level is based on time in segregation and behavior and is used as a behavior modification tool. (Dkt. #
7  7).

8  Plaintiff admits that when he was released from IMU his magazine was given to him. (Dkt. # 5).
9  Plaintiff seeks summary judgment on the issue of liability for his First Amendment claim and for a Fourteenth
10 Amendment claim. Defendants seek to dismiss the action because plaintiff did not send a written request to
11 waive service along with the copies of the summons and complaint. (Dkt. # 11).

DISCUSSION

A.   Motion to dismiss.

The court considers the motion to dismiss first as jurisdiction is at issue. Defendants argue service of process by mail requires plaintiff to ask defendants waive service of process in writing under Fed. R. Civ. P 4 (m). (Dkt. # 11).

Fed. R. Civ. P. 4 (m) indicates that if service of a <u>summons and complaint</u> is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good cause. <u>Townsel v. County of Contra Costa</u>, 820 F.2d 319, 320 (9th Cir.1987). Defendants are correct in arguing that a waiver of service should have been sent with the copy of the summons and complaint.

While the above analysis and a plain reading of the rule would appear to indicate that dismissal without prejudice is in order, the standard of review is abuse of discretion which indicates the court has discretion in deciding if dismissal is proper. <u>Wei v. State of Hawaii</u>, 763 F.2d 370, 371 (9th Cir. 1985).

The 9th Circuit has indicated that failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint. <u>United Food & Commercial Workers Union v. Alpha Beta Co.</u>, 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal

REPORT AND RECOMMENDATION
Page - 2

where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984). Defendants admit to being served copies of the complaint and summons by mail and they have appeared in the action.

There are several ways a court can obtain in personam jurisdiction over a defendant. The most common method is for defendants to be properly served and the fact of the case show personal jurisdiction. Another method is for defendants to appear before the court by filing pleadings and not limit the appearance to contesting jurisdiction. Here Defendants have not limited their appearances to a challenge to the courts jurisdiction. Defendants have gone beyond a special appearance to contest jurisdiction and have filed briefing in opposition to a motion for a temporary restraining order, (Dkt. # 7), and in opposition to a motion for summary judgment on the merits. (Dkt. # 20).

Defendants received actual notice of this action and have gone well beyond a special appearance to contest service of process. The court has obtained personal jurisdiction over the defendants by their filing briefs on the merits in opposition to plaintiff's motion practice and the motion to dismiss should be **DENIED.**

    B.    Summary Judgement.

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve

the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. Id.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630.(relying on Anderson, supra). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

Mr. Richey argues there are no material facts in dispute regarding the unlawfulness of defendants conduct and he is therefore entitled to judgment as a mater of law. (Dkt. # 10, page 3). The parties agree that plaintiff has a First Amendment right to receive publications and that a magazine, Road Runners Sports, arrived for plaintiff while he was housed in the IMU sometime between June 10th and July 1st of 2005. The parties also agree that the publication was placed in Mr. Richey's property and not delivered to him until July 1st, 2005 when he was released from the IMU.

The parties disagree on the constitutionality of depriving a person of a publication for behavioral modification reasons and whether the policy of holding publication for persons on level 1 or 2 segregation meets the reasonable relationship test espoused in Turner v. Safley. Turner v. Safley, 482 U.S. 78 (1987). The four prong Turner analysis applies to incoming mail. Thornburgh v. Abbot, 490 U.S. 401 (1989).

Under the reasonable relationship test prison officials may deny a prisoner even a fundamental constitutional right as long as the action taken is reasonably related to a legitimate penalogical goal. The four factors considered are: (1) Whether the regulation is rationally related to a legitimate and neutral government objective; (2) What alternative avenues remain open for an inmate to exercise the right impinged upon by the regulation; (3) The impact accommodation of the right will have; (4) If there are easy and obvious alternatives to the regulation that tend to show the regulation is an exaggerated response.

Plaintiff admits the intended goal of the policy is to provide an incentive to prisoners so they behave

REPORT AND RECOMMENDATION
Page - 4

and gain a higher custody level in the IMU. (Dkt. # 10). This is certainly a legitimate and neutral objective. Plaintiff argues there are several problems, the first of which is treating a constitutional right as a privilege. This argument ignores the fact that if a regulation meets the four prong test it is constitutional even if its application denies or restricts a fundamental constitutional right. Plaintiff also argues that promotion to a higher level is subjective. That, however, does not render the policy constitutionally infirm.

Plaintiff proceeds to argue that the right to receive mail is somehow equivalent to receiving food or medical treatment. This argument is disingenuous and unpersuasive. Plaintiff next argues the policy does not meet its goal, and defendants can offer no evidence to support the policy because if the policy was effective prisoners would not engage in behavior that might result in placement in the IMU Defendants have not addressed this argument. (Dkt. # 12). The argument is not persuasive. This court has several years of trial experience in criminal cases and notes that most persons who engage in illegal activity are not planning to be caught. Further, neither party alleges the magazine restriction is the only component to the behavioral modification program. Thus, plaintiff has failed to show the first prong of the analysis favors a granting of summary judgment.

Plaintiff argues the second prong of the analysis favors granting summary judgment because no alternatives to receiving publications exist and he points to several items he is not allowed such as television, radio, newspaper, or magazines. (Dkt. # 10, page 6). Defendants note plaintiff is allowed first class mail and two facility issued books and two outside publisher books in the cell. (Dkt. # 12). Thus, plaintiff still has some access to reading material and is not isolated from contact with the outside world. Under the second prong of the test plaintiff has again failed to show he is entitled to summary judgment as a mater of law.

Plaintiff asserts that accommodation of his right and delivery of his publications would have no impact on prison administration. (Dkt. # 10, page 7). Defendants have not addressed this argument and instead indicate that "restriction of publications has been upheld as constitutional." (Dkt. # 12, page 5). The response misses the point. The restriction is constitutional if, and only if, it meets the four prong test. Plaintiff's assertion has not been contradicted by admissible evidence showing what if any impact accommodation of his right would have. Thus, the third factor favors a grant of summary judgment.

The fourth factor of the analysis is not addressed by either party. The final factor is a consideration of what alternatives are available. Easy and ready alternatives are an indication that the regulation is an

REPORT AND RECOMMENDATION
Page - 5

exaggerated response. Plaintiff does not address this factor and instead argues that there can be no security or space availability reason for the policy. (Dkt. # 10, pages 7 and 8). Defendants do not address this factor at all. Plaintiff has failed to show that he is entitled to summary judgment on his First Amendment claim.

Plaintiff also argues he should have received a mail rejection notice when his magazine arrived and failure to provide such notice violates his due process rights. (Dkt. # 10, page 7 and 8). Defendants note that his mail was not rejected and was not returned to the sender or discarded. Rather, the item was placed with his property and available to him when he was released from the IMU. Neither party has addressed whether the temporary deprivation of his property amounts to a taking and required notice or whether the notice he received in the IMU hand book was sufficient to apprise him of the loss of his right to receive publications while on level 1 or 2. The court will not pass judgment on this issue on this record now before it.

Plaintiff is not entitled to summary judgment. Accordingly, his motion should be **DENIED.**

## CONCLUSION

Defendants motion to dismiss and Plaintiff's motion for summary judgment should both be **DENIED.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 2nd, 2006**, as noted in the caption.

DATED this 4th day of May, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge