UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS RICHEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN ALDANA, *et al*.,<br><br>　　　　Defendants. | Case No.  C05-5513FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**<br>**March 2, 2007** |

　　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Plaintiff is not proceeding *in forma pauperis.*  Before the court is defendant's motion for summary judgement (Dkt. # 28).  Plaintiff has not responded.

<u>FACTS</u>

　　　Plaintiff is an inmate currently housed at the Clallam Bay Correction Center (Dkt. # 7).  From June 10, 2005, until July 1, 2005, plaintiff was housed in the Intensive Management Unit, (IMU).  Plaintiff was placed in the IMU on administrative segregation status while he was under investigation for allegedly possessing contraband (Dkt. # 5, page 2).  During this 21-day period, the mail room at the prison received a copy of a magazine plaintiff subscribed to.  The magazine was held by prison officials and not delivered to plaintiff pursuant to policy because plaintiff was on level 2 segregation.  Level 1 and 2 segregated inmates are not allowed publications (Dkt. # 7).  The prison has a policy that allows for magazines and other publications to be

REPORT AND RECOMMENDATION
Page - 1

delivered to an inmate housed in the IMU when an inmate reaches level 3 or 4.  The advancement to a higher level is based on time in segregation and behavior.  The withholding of publications is used as a behavior modification tool (Dkt. # 7).  Plaintiff admits that when he was released from IMU his magazine was given to him (Dkt. # 5).  Local Rule 7 (b)(2) in part states:

> If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

## DISCUSSION

Plaintiff's failure to respond to defendant's motion is fatal to this action.  Defendants place before the court substantial authority for the proposition that withholding publications from an inmate for behavioral modifications reasons is constitutional even though there is a First Amendment right to the publications (Dkt. # 28, page 5).  The authority includes two United States Supreme Court cases and one Tenth Circuit case.  McKune v Lile, 536 U.S. 24, 39 (2002); Beard v. Banks, _ U.S._ 126 S.Ct. 2572 (2006); Jacklovich v. Simmons, 392 F.3d 420, 429 (10th Cir. 2004).

Plaintiff has not contradicted defendants assertions or responded to the motion.  Accordingly, Defendants are entitled to summary judgment without the court considering the remaining issues raised in the motion for summary judgment.

## CONCLUSION

Defendant's motion for summary judgment should be **GRANTED.  Plaintiff's failure to file a timely response is considered as an admission the motion has merit.**  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 2, 2007,** as noted in the caption.

DATED this 31 day of January, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge